# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 15-551V

Filed: August 9, 2016

[Not to be published]

```
* * * * * * * * * * * *
J.W., by his parents and natural guardians,  *
ROBY WILSON and JEANA WILSON,                *        Chief Special Master Dorsey
                                             *
              Petitioners,                   *        Dismissal; Measles-Mumps-Rubella
       v.                                    *        ("MMR") Vaccine; Hepatitis A
                                             *        ("Hep A") Vaccine; Encephalopathy;
                                             *        Autism
SECRETARY OF HEALTH                          *
AND HUMAN SERVICES,                          *
                                             *
              Respondent.                    *
* * * * * * * * * * * *
```

Renee J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioners.
Ryan D. Pyles, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On May 29, 2015, Roby Wilson and Jeana Wilson ("petitioners") filed a petition on behalf of their minor child, J.W., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of receiving Measles-Mumps-Rubella ("MMR"), Hepatitis A ("Hep A"), and Varicella vaccines on June 1, 2012, J.W. suffered brain injuries resulting in a loss of speech and regression of development. Petition at ¶ 5. Petitioners filed an Amended Petition on March 31, 2016, which further stated that J.W. was diagnosed with static encephalopathy manifested by autism spectrum disorder on March 27, 2013. Amended Petition, dated Mar. 31, 2016, at ¶ 5. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On August 8, 2016, petitioners moved for a decision dismissing their petition, stating that "[a]n investigation of the facts and science supporting [the case] has demonstrated to the Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." Petitioners' Motion for Decision Dismissing Petition at ¶ 1. Petitioners state that they understand that a decision by the Special Master dismissing their petition will result in a judgment against them, and that such a judgment will end all of their rights in the Vaccine Program. Id. at ¶ 3. Petitioners state that they intend to protect their rights to file a civil action. Id. at ¶ 5.

To receive compensation under the Program, petitioners must prove either (1) that J.W. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that J.W. suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that J.W. suffered a "Table Injury," nor do petitioners allege that J.W. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any persuasive evidence indicating that J.W.'s alleged injuries were caused by his June 1, 2012, vaccinations.

Under the Vaccine Act, petitioners may not receive a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioners' claim, a medical opinion must be offered in support. Petitioners have not filed such an opinion.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that J.W. suffered a "Table Injury" or that the injuries were "actually caused" by his June 1, 2012, vaccinations. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/ **Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master