# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  February 10, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| J.W., *by his parents and natural guardians,* | * | UNPUBLISHED |
| ROBY WILSON *and* JEANA WILSON, | * | |
| | * | Case No. 15-551v |
| Petitioners, | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| | * | Reasonable Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Lack of Reasonable Basis; Autism |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

Renee J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioners.
Ryan D. Pyles, United States Department of Justice, Washington, DC for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 9, 2016, the undersigned dismissed this case for insufficient proof.  Decision dated August 9, 2016 (ECF No. 42).  On December 7, 2016, petitioners filed a motion for attorneys' fees and costs. Petitioners' Motion ("Pet'rs' Mot.") (ECF No. 46).  Petitioners requested $33,936.02 in compensation for attorneys' fees and costs and $400.49 in personal costs.  Id.  For the reasons set forth below, the undersigned awards attorneys' fees and costs in the amount of **$27,727.88**.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

## I.      Procedural History

On May 29, 2015, Roby Wilson and Jeana Wilson ("petitioners") filed a petition on behalf of their minor child, J.W., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of receiving Measles-Mumps-Rubella ("MMR"), Hepatitis A ("Hep A"), and Varicella vaccines on June 1, 2012, J.W. suffered brain injuries resulting in a loss of speech and regression of development.  Petition at ¶ 5.  Petitioners filed an Amended Petition on March 31, 2016, which further stated that J.W. was diagnosed with static encephalopathy manifested by autism spectrum disorder on March 27, 2013.  Amended Petition, dated Mar. 31, 2016, at ¶ 5.

A Rule 5 status conference was held on June 7, 2016.  See Order dated June 8, 2016 (ECF No. 37).  During the status conference, the undersigned gave her preliminary finding that the record lacked evidence that J.W.'s static encephalopathy and/or autism were caused by the vaccinations he received on June 1, 2012.  Id.  Because the medical records did not contain evidence that the vaccinations caused J.W.'s condition, the undersigned stated that the case lacked a reasonable basis.  The undersigned concluded that she would award payment for all reasonable fees and costs and costs up to and including the Rule 5 conference, but that she would not pay the costs of continued litigation, including the cost of experts.

On August 8, 2016, petitioners moved for a decision dismissing their petition, stating that "[a]n investigation of the facts and science supporting [the case] has demonstrated to the Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." Petitioners' Motion for Decision Dismissing Petition (ECF No. 41) at ¶ 1.  The following day, the undersigned issued a decision dismissing the petition for insufficient proof.  Decision dated August 9, 2016 (ECF No. 42).

On December 7, 2016, petitioners filed a motion for attorneys' fees and costs.  Petitioner's Motion ("Pet'rs' Mot.") (ECF No. 46).  Petitioners request attorneys' fees of $33,043.15 and attorneys' costs of $892.87, for a total of $33,936.02.  Id. Petitioners also requested reimbursement of personal costs in the amount of $400.49.  Id.  On December 28, 2016, respondent filed a brief response, recommending that the undersigned exercise her discretion and determine a reasonable amount of attorneys' fees and costs.  Respondent's Response ("Resp's Resp.") (ECF No. 47).

This matter is now ripe for adjudication.

## II.     Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith

---

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Respondent has not objected to petitioner's application for fees and costs on the basis of a lack of good faith or reasonable basis. The undersigned finds that petitioners brought their petition in good faith and that a reasonable basis existed up to and including the Rule 5 conference, which was held on June 7, 2016. As a result, the undersigned will pay all reasonable costs incurred from the start of the case until and including the Rule 5 conference on June 8, 2016, and for winding up the case. The fact that petitioners' attorneys' billing records contain numerous entries for student meetings, conferences , and record reviews after June 7, 2016, is taken into consideration in the reduction of petitioners' attorneys' hours, discussed below.

### a. Reasonable Hourly Rates

On April 12, 2016, the undersigned issued a reasoned decision in Miller v. Sec'y of Health & Human Servs., 13-914V, 2016 WL 2586700 (Fed. Cl. Spec. Mstr. Apr. 12, 2016), addressing the reasonable hourly rates for both professors and students at the GW Vaccine Injury Clinic. The undersigned concluded that Mr. Shoemaker was entitled to a rate of $415.00 per hour and that Ms. Gentry was entitled to a rate of $400.00 per hour for work performed in 2015. Id. at 9-10. The undersigned also concluded that law student work should be compensated at a rate of $145.00 per hour in 2015. Id. The undersigned also finds Ms. Knickelbein's requested rate of $350.00 per hour reasonable and notes that two other special masters have found this rate appropriate. L.A. v. Sec'y of Health & Human Servs., 12-629V, 2016 WL 1104860 (Fed. Cl. Spec. Mstr. Feb. 29, 2016); Boylston v. Sec'y of Health & Human Servs., 11-117V, 2016 WL 3080574 (May 10, 2016). The undersigned thus awards petitioners' attorneys' fees in accordance with these rates.[3]

### b. Reduction of Billable Hours

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate for four reasons. First, petitioners' counsel requests compensation for administrative work, including prepping and filing documents on CM/ECF, updating calendar deadlines, paying bills, organizing files, scheduling appointments, and emailing support staff. Second, petitioners request compensation at an attorney's hourly rate for paralegal work. Third, many of counsel's billing entries are vague, the amount of time spent on certain tasks was excessive, and some of the billing entries constitute block billing. Finally, counsel's billing records contain numerous entries which are duplicative, as work was performed by four attorneys, of whom three are senior law firm partners, as well as nine law students. Because multiple attorneys and students worked on the case simultaneously, many of the billing entries are excessive and duplicative.

For these reasons, and after carefully reviewing petitioners' application, the undersigned reduces petitioners' attorneys' fees award. In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in

---

[3] Petitioners' attorneys billed in accordance with the hourly rates established in Miller, thus the undersigned awards them the hourly rates they requested.

<u>relevant part</u>, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. <u>Id.</u> Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i. Administrative Time

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. <u>Rochester v. United States</u>, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); <u>Mostovoy v. Sec'y of Health & Human Servs.</u>, 2016 WL 720969, *5 (Fed. Cl. Spec.Mstr. Feb. 4, 2016).

Petitioners' counsel's time sheets contain numerous entries that are best characterized as administrative time. For example, Mr. Shoemaker billed one hour of time to file the petition at the Court of Federal Claims. Pet'rs' App., Ex. 2 at 8. He also billed time for organizing files, scheduling conference calls, and reviewing and paying invoices for medical records. <u>Id.</u> at 9, 11, 13-15. Ms. Gentry and Ms. Knickelbein also billed time for organizing files and filing exhibits. <u>Id.</u> at 9-10. Similarly, the law students billed time for filing documents, scanning and uploading medical records, and reviewing files for consistency. Pet'rs' App., Ex. 3 at 20-23. Over 14 hours of petitioners' billable time is best characterized as administrative work. <u>See generally</u>, Pet'rs' App., Ex. 2; Pet'rs' App., Ex. 3. These types of entries do not constitute billable time,[4] and the undersigned thus reduces petitioners' fee award for them.

### ii. Paralegal Time

It is well established that attorneys who bill for performing non-attorney-level work must appropriately reduce their hourly rate to reflect that of a legal secretary or paralegal. <u>Mostovoy</u>, 2016 WL 720969 at *5.

After carefully reviewing petitioners' application for fees and costs, the undersigned finds that several of the hours billed by attorneys at their regular hourly rate are more appropriately classified as paralegal time. For example, Mr. Shoemaker billed time for working with his paralegal on a list of J.W.'s medical providers, and Ms. Gentry billed time for preparing exhibits to be filed. Pet'rs' App., Ex. 2, at 9, 16. In addition, the law students' billing records contain numerous entries for work that is paralegal in nature, including talking to medical providers in an effort to collect medical records and reviewing the file to verify which records had been

---

[4] The entries listed above do not constitute an exhaustive list of administrative entries in petitioners' attorneys' billing records but rather are intended to serve as an example of those types of entries.

received.[5]  Pet'rs' App., Ex. 3, at 21.  In total, the attorneys and law students billed over seven and a half hours of what is most appropriately classified as paralegal time.  The undersigned thus reduces petitioners' fee award for this incorrectly billed time.

### iii.  Vague Entries

The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness.  Mostovoy, 2016 WL 720969; Barry v. Sec'y of Health and Human Servs., 12-39V, 2016 WL 6835542 ( Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by ten percent due to vague billing entries).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009).  Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8.

After carefully reviewing the billing records, the undersigned finds the number of vague billing entries in this case to be particularly troubling.  Mr. Shoemaker billed time for "reviewing records," without stating what he was reviewing.  Pet'rs' App., Ex. 2, at 10.  Additionally, Mr. Shoemaker's billing records contain numerous entries for "review corr," but petitioners provide no indication of what he was reviewing or why.  Id. at 10-16.  Mr. Shoemaker also billed at least 3.4 hours over 24 separate billing entries to "review [a] pleading."  Id. at 9-15.  One of these billing entries noted one hour of time to "[r]eview a pleading."  Without additional information about what Mr. Shoemaker was reviewing or why, these hours are not compensable.[6]

In addition, the law students' time records also reflect a number of vague entries, including nearly four hours billed for "file review" and exhibit review.  Pet'rs' App., Ex. 3, at 21-22.  Time records should be sufficiently detailed so that the undersigned may understand the amount of time being spent and the work being performed.  Over seven and a half hours were billed for entries that did not include sufficient detail about what tasks were being performed and/or why.  The undersigned thus reduces petitioners' fee award for vague entries.

---

[5] The law students also spent excessive amounts of time speaking with medical providers by phone.  Three different law students all billed time to place phone calls to medical providers, presumably for the purpose of collecting records.  In October and November, the students billed almost four hours of time for placing phone calls to providers.

[6] Assuming, *arguendo*, that Professor Shoemaker was reviewing pleadings that were relevant to the case and that this time was otherwise billable, the undersigned notes that this time would likely not be billable in this case, as the majority of Ms. Knickelbein's billable time and much of the law students' time was spent reviewing the filings in this case, suggesting that this work is duplicative.  See Pet'rs' App., Ex. 2, at 17, Pet'rs' App., Ex. 3, at 20-23.

### iv.   Block Billing

Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  Broekelschen v. Sec'y of Health & Human Servs., 2008 U.S. Claims LEXIS 399 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) at *13-14 (reducing petitioner's attorneys' fees and criticizing her for block billing); see also Jeffries v. Sec'y of Health & Human Servs., 2006 U.S. Claims LEXIS 411, *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Human Servs., 1997 U.S. Claims LEXIS 313, *5 (Fed. Cl. Spec. Mstr. April 23, 1997); Mostovoy, 2016 WL 720969.  Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."[7]

The undersigned was troubled by the amount of time being block billed by both attorneys and students.  For example, Mr. Shoemaker billed four hours to "[r]eview Woodlands Hosp recs," and Ms. Gentry billed three hours for "review[ing] medical records…"  Pet'rs' App., Ex. 2, at 10, 16.  Additionally, one of the law students billed two and a half hours for phone calls to medical providers without further explanation.  Pet'rs' App., Ex. 3, at 21.  Another student billed over three hours to review the case, while another billed four and five hours to review pleadings.[8]  In total, over twenty one hours of petitioners' fee request were block billed. Because it is clear that block billing is not permitted, the undersigned reduces petitioners' fee application for block billing.

### v.   Unnecessary and Duplicative Time Billed by Multiple Attorneys and Law Students

The undersigned has previously found it reasonable to reduce attorneys' fees awards due  to duplicative billing.  See Lord v. Sec'y of Health & Human Serv., No. 12-255V, 2016 WL  3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); Ericzon v. Sec'y of Health & Human Servs.,  No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Sexton v. Sec'y of Health & Human Serv., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015); Mostovoy, 2016 WL 720969; Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 214-15 (2009) (affirming  the special master's reduction of fees for overstaffing where three attorneys from two different firms  worked on a case together).  The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys  work on one case.

The  undersigned finds some of petitioners' requested fees unreasonable, unnecessary, and duplicative.  At least three partners worked on petitioners' case, including Mr. Shoemaker,

---

[7] Office of Special Masters, Guidelines for Practice Under the National Vaccine Injury Compensation Program (Rev. Ed. 2004) § XIV.A.3.

[8] The undersigned also notes that this document review occurred after the case lost reasonable basis.

Ms. Gentry, and Ms. Knickelbein, as well as six law students.  Pet'rs' App., Exs 2, 3.
Petitioners have not provided a sufficient explanation as to why the  involvement of this many
attorneys and law students in a single case is necessary.

The undersigned has previously found that the reviewing of documents by multiple
attorneys leads to excessive billing.  See Lord, 2016 WL 3960445, at *7; Cozart v. Sec'y of
Health & Human Servs., 00-590V, 2016 WL 5766359 (Fed. Cl. Spec. Mstr. Sept. 7, 2016).
Similar to the law firm's practices in Lord and Cozart, the attorneys in this case billed excessive
hours to review court orders and filing  notifications.[9]  Petitioners' fee application also contains
entries in which attorneys explicitly billed time for performing the same tasks.[10]  There are over
40 entries, totaling over five hours of billable time, in which the attorneys billed time to review
orders and notifications in this case.[11]  Undoubtedly, multiple attorneys reviewed the same orders
and notifications and all billed time for doing so.  Billing records further show that Mr.
Shoemaker and Ms. Gentry collectively spent over eight hours reviewing the medical records in
this case, while the law students spent approximately 20 hours reviewing medical records.[12]
Such review is unnecessary and excessive.

The amount of time billed for intra-office communications, including emails, intra-office
discussions, and numerous meetings with law students, is also excessive.  All of the attorneys and
law students who billed time in this case have multiple entries on their time sheets for attending
case meetings, engaging in case discussions, and reviewing internal emails.  The undersigned
finds the amount of time billed for the same meetings with each other to be particularly
problematic.[13]  Nearly every page of petitioners' billing record has duplicative entries detailing
emails and case meetings between multiple attorneys and law students.  Mr. Shoemaker billed

---

[9] See Pet'rs' App., Ex. 2 at 9-17; Pet'rs' App., Ex. 3 at 20-24.

[10] Pet'rs' App., Ex. 2 at 9, 16 (comparing the time Mr. Shoemaker and Ms. Gentry both billed for
assisting their paralegal with organizing medical records).

[11] Compare Mr. Shoemaker's billing entries with Ms. Knickelbein's billing entries.  Pet'rs' App.,
Ex. 2 at 9-15, 17.

[12] Pet'rs' App., Ex. 2 at 8, 10, 16; Pet'rs' App., Ex. 3 at 20-23.

[13] See, e.g., Mr. Shoemaker and Ms. Gentry's billing records for the following dates: September
9, 2015, September 11, 2015, September 17, 2015, October 2, 2015, October 12, 2015, January
4, 2016, January 11, 2016, February 1, 2016, February 10, 2016, September 21, 2016, September
28, 2016, October 5, 2016.  The undersigned notes that for all of these entries, more than two
people billed for the same meetings.  For example, on September 9, 2015, Mr. Shoemaker and
Ms. Gentry both billed .5 hours to meet with the student team.  Pet'rs' App., Ex. 2, at 10, 16.  On
September 11, 2015, Ms. Gentry and two law students all billed at least .5 hours each to meet
with each other.  The undersigned further notes that the dates listed above only represent
instances in which petitioners' counsel billed for *meetings* with each other and does not
constitute an exhaustive list of all intraoffice communication.

over 12 hours for team meetings and intraoffice emails.  Pet'rs' App., Ex. 2 at 9-16.  Ms. Gentry billed over three hours for the same.  Id. at 16.  The law students also billed at least 11.4 hours for intraoffice meetings and emails.  Pet'rs' App., Ex. 3 at 20-24.  Thus, petitioners request attorneys' fees for over 27 hours of work, all of which constitute only intraoffice discussion about the case.

Other  special masters as well as the undersigned have reduced fee awards for excessive and duplicative intraoffice communication.  See Lord, 2016 WL 3960445, at *7; Ericzon, 2016 WL 447770, at *4; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where   seven attorneys at CHCC billed for attending conferences and drafting memoranda about the  case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed.  Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office  communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V,  2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced  fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with  a client).  The amount of intraoffice communication occurring in this case is particularly egregious, and such billing practices will not be tolerated in the Program.

For all of these reasons, the undersigned finds the billing in this case so excessive and duplicative as to warrant a reduction of the attorneys' fees by 20 percent and the law students' fees by 20 percent.[14]

### c.  Costs

Petitioners request a total of $892.87 in attorneys' costs and $400.49 in out-of-pocket costs. Pet'rs' App. at 1.  These costs include the filing fee, medical record production, postage, and photocopies.  The undersigned finds these costs reasonable and reimburses them in full.

## III.   Conclusion

Based on all of the above, the undersigned finds that that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Requested attorneys' fees: | $ 33,043.15 |
| Reduction in attorneys' fees: | $ (6,608.63) |
| Requested attorneys' costs: | $ 892.87 |
| Requested petitioners' costs: | $ 400.49 |
| **Total Attorneys' Fees and Costs Awarded:** | **$ 27,727.88** |

---

[14] In the absence of further medical and/or scientific developments, the undersigned is unlikely to be persuaded of vaccine causation in future claims that vaccinations caused an autism spectrum disorder.  She will be disinclined to find a reasonable basis to compensate the attorneys, law students, and/or experts involved in such cases.

Accordingly, the undersigned awards:

**A lump sum in the amount of $400.49, representing reimbursement for petitioners' costs, in the form of a check payable to petitioners, Mr. Roby and Mrs. Jeana Wilson; and**

**A lump sum in the amount of $27,327.39, representing reimbursement for reasonable attorneys' fees and costs, should be awarded in the form of a check payable jointly to petitioners, Mr. Roby and Mrs. Jeana Wilson, and petitioners' attorney, Renée J. Gentry.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[15]

**IT IS SO ORDERED.**

<u>/s/ Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[15] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.